IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JANET MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-CV-00018 |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS (DOC. 5) AND GRANTING PLAINTIFF'S REQUEST TO FILE AMENDED COMPLAINT**

Plaintiff, a citizen of Missouri, has filed suit against a debt collection company that is incorporated in Delaware and has its principal place of business in Virginia. Plaintiff claims Defendant has acted in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Defendant has filed a Motion to Dismiss. Plaintiff requests leave to file an Amended Complaint. Defendant's motion for dismissal is overruled as moot. Plaintiff's request for leave to file an amended complaint is granted.

**I.     Background**

On or about June 28, 2011, Plaintiff filed suit against Defendant for violation of FDCPA. Pursuant to the action, the parties entered negotiations and signed a settlement agreement on or about November 3, 2011 (the "Agreement"). Under the Agreement, Plaintiff agreed to "fully release and forever discharge and covenant not to sue [Defendant] and not hold them liable from any an all claims, demands, or causes of action which [Plaintiff] has against [Defendant] prior to the date of the signing of this agreement . . . ." The complaint was dismissed *with* prejudice on December 29, 2011.

1

On January 8, 2012, Plaintiff filed the current action against Defendant, again alleging Defendant acted in violation of FDCPA. Defendant filed a Motion to Dismiss on the grounds the previous Agreement released Defendant from liability for claims asserted by Plaintiff. Defendant alleges the current complaint is nearly identical to the one filed in June 2011, which was settled and dismissed with prejudice. Absent a granting of the Motion to Dismiss, Defendant asked the Court to order Plaintiff to make a more definite statement regarding the factual allegations of the complaint. Plaintiff filed a motion requesting leave to amend the complaint. Defendant did not respond to Plaintiff's request.

II.  Discussion

The familiar requirements for amending pleadings are found under FED. R. CIV. P. 15(a):

> (1)   *Amending as a Matter of Course*.   A party may amend its pleading once as a matter of course within:
>        (A) 21 days after serving it, or
>        (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier.
> (2)   *Other Amendments*.   In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires.

Accompanying Plaintiff's request for leave to file an amended complaint, Plaintiff provided detail regarding alleged acts by the Defendant in violation of FDCPA, continuing through December 2011 and up until the current action was filed. The Agreement released Defendant from liability for all claims arising *prior to* the signature of Plaintiff. However, Plaintiff's proposed amended complaint asserts claims that are alleged to have arisen *after* Plaintiff's signing of the Agreement. The Court concludes Plaintiff should be

2

Case 4:12-cv-00018-ODS   Document 11   Filed 03/28/12   Page 2 of 3

granted leave to amend her complaint.

### III.  Conclusion

Therefore, Defendant's Motion to Dismiss is overruled as moot, and Plaintiff's Motion to File Amended Complaint is granted. Plaintiff shall have two weeks from the date below to file the amended complaint.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

DATE: March 27, 2012